IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THERESA S. RENTERIA,

 Plaintiff,

v.                  No. 14-cv-0914 MCA/SMV

CAROLYN W. COLVIN,
Acting Comm'r of SSA,

 Defendant.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 24] and a Memorandum Brief in Support [Doc. 24-1] (collectively, "Motion"), filed on February 27, 2015. The Commissioner responded on June 3, 2015. [Doc. 30]. Plaintiff replied on June 29, 2015. [Doc. 33]. The Honorable M. Christina Armijo, Chief United States District Judge, referred the case to me for analysis and a recommended disposition. [Doc. 19]. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to give good reasons—supported by substantial evidence—for rejecting the opinion of treating physician Mary Martinez, M.D. Because the error in evaluating Dr. Martinez's opinion may necessarily affect whether Plaintiff's impairments meet or medically equal a Listing, I decline to address Plaintiff's alleged error regarding the Listings at this time. Therefore, I recommend that the Motion be granted and the case remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for supplemental security income on December 21, 2010. Tr. 27. She alleged a disability-onset date of March 15, 2009. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Karen Wiedemann held a hearing on October 12, 2012. *Id.* She presided from Metairie, Louisiana. Tr. 39. Plaintiff appeared by video conference from El Paso, Texas, with her then-attorney, Daniel F. Ybarra. Tr. 27, 39. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Nicole B. King. Tr. 27, 39−65.

The ALJ issued her unfavorable decision on January 25, 2013. Tr. 27–36. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 29. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "lumbago, valvular heart disease status post aorta replacement with mechanical valve, sleep apnea, ventral abdominal wall hernia, migraine headaches, and obesity." *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 29–31.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 31–35. The ALJ found that Plaintiff has the RFC "to perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except that she must avoid exposure to hazards in

the workplace." Tr. 31. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 35. Accordingly, the ALJ proceeded to step five, where she applied the Medical-Vocational Rules ("grids" or "grid rules").[3] Tr. 35–36. However, the grid rules are not controlling where, as here, a plaintiff has nonexertional limitations. *Id.* To get around this problem, the ALJ simply determined that Plaintiff's nonexertional limitations had "little or no effect on the occupational base of unskilled sedentary work." *Id.* She applied grid rule 201.25, which directed a finding of not disabled. *Id.* Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim. Tr. 36. The Appeals Council denied Plaintiff's request for review on August 8, 2014. Tr. 2−4. Plaintiff timely filed the instant action on October 10, 2014. [Doc. 1].

## Analysis

Although the ALJ gave several reasons for according only "little weight" to the opinion of treating physician, Dr. Martinez, only one of the reasons may be supported by substantial evidence. That one reason is not legally sufficient to reject the opinion.[4] Accordingly, remand is required to allow proper evaluation and weighing of Dr. Martinez's opinion. Because the reevaluation of Dr. Martinez's opinion may affect the Listing analysis on remand, I decline to review Plaintiff's other alleged error regarding the Listings[5] at this time.

---

[3] *See* 20 C.F.R. § 404, subpt. P, app. 2.

[4] I find no material difference between according "little weight" to the opinion and rejecting it. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (equating rejection of a treating opinion with "according [it] little weight").

[5] Plaintiff argues that the ALJ erred in failing to expressly analyze whether her migraine headaches medically equal Listing 11.03. [Doc. 24-1] at 21–24. The ALJ did expressly find that Plaintiff's migraines did not medically equal any of the Neurologic Impairment Listings in section 11.00 because, the ALJ found, Plaintiff did not exhibit "significant and persistent disorganization of motor function in [two] extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station or significant interference with speech, vision, mental

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good

---

function, or daily activities." Tr. 30. However, the ALJ did not address Listing 11.03 in particular, which Plaintiff argues is error, and which Plaintiff argues is medically equaled by her migraine headaches. [Doc. 24-1] at 21–24.

reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. § 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

Plaintiff argues that the ALJ failed properly to apply the treating physician rule in evaluating the opinion of her treating physician. [Doc. 24-1] at 15–20. Dr. Martinez opined that Plaintiff was limited to significantly less than a full range of sedentary work.[6] Tr. 928–31. She based the limitations on Plaintiff's: "1) Large ventral abdominal wall hernia[,] 2) Worsening mid [and] low back pain[,] 3) Aortic valve replacement on anti[-]coagulation[,] and 4) chronic migraines headaches." Tr. 929–30.

The ALJ found that Dr. Martinez's opinion was entitled to "little weight" because, in pertinent part:

---

[6] Dr. Martinez opined that Plaintiff suffered from the following limitations: Plaintiff can lift/carry less than ten pounds occasionally; she can stand/walk less than two hours in an eight-hour day; her ability to sit was unlimited; her ability to push/pull with her upper and lower extremities is limited; she can never climb (ramps, stairs, ladders, ropes, scaffolds); she can only occasionally balance, kneel, crouch, crawl, and stoop. Tr. 928–29. She is limited to only occasional reaching and handling, but she has no limitations in fingering and feelings. Tr. 930. Her ability to maintain attention and concentration at work is significantly limited by the pain of her migraine headaches and ventral hernia, back pain, and by her migraine medication. Tr. 930. Her exposure to the following environmental circumstances must be limited: temperature extremes and fumes, odors, chemicals, and gases, which could trigger a migraine or cause back pain; noise; and hazards (such as machinery or heights) because Plaintiff is at risk for bleeding due to anti-coagulant medication. Tr. 931.

7

> [T]he file contains no justification, particularly in Dr. Martinez's internal records, to substantiate a basis for [sic] the severe limitations. Dr. Martinez's opinion is inconsistent with the evidence and based heavily upon [Plaintiff]'s self-reported and subjective allegations. Dr. Martinez's contact and treatment records are internally inconsistent with the limitations she opined. Therefore, [the ALJ] accords the opinion of Dr. Martinez little weight.

Tr. 34. Plaintiff argues that "the ALJ's consideration of Dr. Martinez's opinions . . . is conclusory and not supported by substantial evidence." [Doc. 24-1] at 18. She explains that the ALJ "provided no examples or citations to the record, [which causes] reviewers to speculate how the ALJ drew these conclusions." *Id.* at 19.

I agree with Plaintiff that identifying evidentiary support for an ALJ's findings is best left to the ALJ herself. *See Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011) (declining to assemble support for the ALJ's conclusory finding that the treating doctor's opinion was "inconsistent" with his treatment records). However, I do not find that ALJs must always provide citations to the record to support their factual findings. The standard of review is whether the ALJ's factual findings are actually supported by substantial evidence, not whether the ALJ cited directly to the evidence. Certainly, it is preferable if ALJs provide citations, but I do not find that citations are required. *See Flaherty*, 515 F.3d at 1070 ("[Courts] meticulously examine the record as a whole . . . in order to determine if the substantiality test has been met.") (internal quotation marks omitted).

Here, the ALJ rejected Dr. Martinez's opinion for three reasons. First, the ALJ found that the opinion was not supported by and was inconsistent with Dr. Martinez's own treatment

8

records. Tr. 34. Second, she found that the opinion was unsupported by and inconsistent with the record as a whole. *See id.* ("[T]he file contains no justification . . . for the severe limitations. Dr. Martinez's opinion is inconsistent with the evidence[.]"). Finally, she found that the opinion was heavily based on Plaintiff's subjective complaints. *Id.* As explained further below, I find that the first two reasons are not supported by substantial evidence. Even assuming (but not necessarily finding) that the third reason were supported by substantial evidence, that reason alone would not be legally sufficient under the treating physician rule to accord only "little weight" to Dr. Martinez's opinion.

The ALJ's first reason for rejecting Dr. Martinez's opinion was that it was unsupported by and inconsistent with Dr. Martinez's own records. *Id.* In an effort to determine whether that finding is supported by substantial evidence, I have very thoroughly reviewed all Dr. Martinez's records. *See* Tr. 243–48, 250–53, 925–26, 928–31, 939–40. I cannot discern the basis—if there is any—for the ALJ's findings that Dr. Martinez's own records were inconsistent with, did not support, and did not "justif[y]" her opinion. Tr. 34. The Commissioner's Response is of no help; it does not address the issue. *See* [Doc. 30]. Although it is not a high bar for substantial evidence to support an ALJ's finding, in this instance, the ALJ's first reason for rejecting Dr. Martinez's opinion is not supported by substantial evidence.[7]

---

[7] If, for example, Dr. Martinez were a psychologist who provided limitations related to a mental impairment but also opined that Plaintiff could not perform any pushing or pulling, then the evidentiary basis would be obvious for finding that Dr. Martinez's opinion was not supported by her records. Similarly, if Dr. Martinez had based her opinion on an ailment that had been entirely asymptomatic for years, then the evidentiary basis would be obvious for finding her opinion inconsistent with her treatment records. But neither is the case here.

Next, the ALJ found that Dr. Martinez's opinion was not supported by and was inconsistent with the record as a whole. Tr. 34. The decision does not explain (or even provide clues as to) the basis for this finding. *See* Tr. 27–36. After thorough review of the entire record, I cannot determine the basis for the finding. The Commissioner argues that certain cardiologists' records, along with one primary care record,[8] are inconsistent with Dr. Martinez's opinion. [Doc. 30] at 9. However, Dr. Martinez's opinion was quite comprehensive and considered more than just Plaintiff's heart problems. *See* Tr. 928–31. The opinion also included functional limitations caused by Plaintiff's hernia, back pain, and chronic migraine headaches, Tr. 929, all of which the ALJ agreed were "severe" at step two, Tr. 29. Thus, even if the cardiologists' records were inconsistent with Dr. Martinez's opinion as to how Plaintiff's heart problems limit her functioning, those records to not speak to how her hernia, back pain, and chronic migraine headaches affect her functioning. Accordingly, I find that substantial evidence does not support the ALJ's finding that Dr. Martinez's opinion is inconsistent with the record.

Lastly, the ALJ rejected Dr. Martinez's opinion because she found that it heavily relied on Plaintiff's own subjective complaints. Tr. 34. Even assuming that there is substantial evidence to support this finding, it does not pass muster under the treating physician rule. The one finding alone is not legally sufficient to accord only "little weight" to Dr. Martinez's

---

[8] The primary care record is from a June 14, 2011 walk-in visit for a urinary tract infection. [Doc. 30] at 9. That record indicates that Plaintiff "reported no dizziness." Tr. 727. Otherwise, the records are from Plaintiff's cardiologists. *See* [Doc. 30] at 9 (citing Tr. 541 (Plaintiff tells her cardiologist that she is doing well and walking one or two miles per day), Tr. 528, 726–27, 885–88 (shortness of breath and/or dizziness were stable); Tr. 710 (Plaintiff tells her cardiologist that she can walk five miles and has no shortness of breath with activity); Tr. 879–80 (Plaintiff describes her symptoms as being recent rather than long-standing).

treating opinion. Thus, remand is required for reevaluation of Dr. Martinez's opinion in accordance with the treating physician rule.

## Conclusion

Remand is required for proper evaluation of Dr. Martinez's opinion. Because reevaluation of Dr. Martinez's opinion in accordance with the treating physician rule may necessarily affect whether Plaintiff's impairments meet or medically equal a Listing, I decline to address that alleged error at this time.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 24] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's final decision be **REVERSED** and this case **REMANDED** for further proceedings in accordance with this opinion.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

11